## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Coventry First, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| Does 1-10, inclusive, | : | |
| Defendants. | : | |

### COMPLAINT

Plaintiff, Coventry First, LLC ("Coventry First"), by and through its undersigned attorneys for its complaint against defendants, Does 1-10 ("Defendants"), alleges as follows:

### Parties

1.      Plaintiff, Coventry First, LLC, is a Delaware limited liability company with a place of business at 7111 Valley Green Road, Fort Washington, PA 19034. Coventry is the owner of the intellectual property at issue in this case.

2.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does 1-10, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues the Defendants under such fictitious names. When the true names, capacities, and activities of the Defendants are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes and thereon alleges that each of the Defendants is responsible in some manner for the events and happenings referred to herein, and that Plaintiff's damages as alleged herein were proximately caused by the Defendants.

3.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants, were acting as agents, servants, and/or employees of each of the remaining Defendants, and in doing the things hereinafter alleged were acting within the

course and scope of such agency and/or employment and with the permission and consent of the other Defendants.  Plaintiff is further informed and believes and thereon alleges that each of the Defendants acted with full knowledge and advice of the other Defendants in all respects and adopted as his/her/its acts the acts of such Defendants, and each of them.

## Jurisdiction and Venue

4.     This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1125, et seq., and common law.  As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

5.     This Court may exercise personal jurisdiction over Defendants.  A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.  As such, Defendants should reasonably expect that its activities might have consequences herein.  Moreover, Pennsylvania's long arm statute, 42 Pa. C.S.A. § 5322(a), confers personal jurisdiction over Defendants because Defendants' activities within the Commonwealth of Pennsylvania and in this judicial district are directly and/or indirectly infringing upon Coventry First's rights, and otherwise causing harm to Coventry First.

6.     This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.  This court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### Background as to Plaintiff's Business and its Intellectual Property

8.      Coventry First is a leading company in the life settlement industry and, due to its large size relative to other companies in the industry, plays a significant role in the secondary market for life insurance.

9.      A life settlement is a financial option for life insurance policyowners who no longer need the insurance coverage provided under their policy or no longer want to own an underperforming financial asset.  Rather than surrender the policy to the life insurance carrier for the policy's cash value (if any), policyowners in certain circumstances are eligible to sell their policy to third-party life settlement providers, such as Coventry First, which offer to purchase policies for their market value, which materially exceeds the cash surrender value.

10.     Coventry First provides life insurance policyowners access to the secondary market for life insurance by purchasing their policies for more than the policy's cash value or the amount they would receive from other sources.

11.     Coventry First has used and adopted the trademark COVENTRY FIRST in connection with its life settlement products and services (the "COVENTRY FIRST Trademark") and has used the COVENTRY FIRST Trademark continuously in commerce since at least as early as the date of its incorporation in the State of Delaware on March 24, 1999.

12.     The domain name www.coventryfirst.com is owned by an affiliate of Coventry First and directs to the domain name www.coventry.com, which is the main corporate website for Coventry First and its affiliates.

13.     The COVENTRY FIRST Trademark is in full force and effect.

14.     The COVENTRY FIRST Trademark is strong.  The name is inherently distinctive and represents Coventry First's exceedingly valuable goodwill.

15.     The COVENTRY FIRST Trademark has become well known throughout the life settlement industry.  Through its use of its COVENTRY FIRST Trademark, Coventry First has developed an excellent reputation for its products and services and has been recognized as a leader among companies in the life settlement industry for these products and services.

16.     The market success of Coventry First's life settlement products and services offered under the COVENTRY FIRST Trademark has been great, and the relevant public has come to rely upon and recognize Coventry First's services by the COVENTRY FIRST Trademark.  The COVENTRY FIRST name has substantial goodwill associated with it.

17.     Twitter, Inc. owns the registered domain name twitter.com.

**Background as to Defendants' Unlawful Conduct**

18.     Defendants have established and actively use the domain twitter.com/coventryfirst ("the Site").  The Site's domain name wholly incorporates Plaintiff's COVENTRY FIRST Trademark, and the Site itself includes multiple uses of Plaintiff's COVENTRY FIRST Trademark, including the confusing and misleading phrase "Follow Coventry First on Twitter…Don't miss any updates from Coventry First." *See* Exhibit A.

19.     Defendants' use of Plaintiff's COVENTRY FIRST Trademark on the Site is unauthorized use of Plaintiff's COVENTRY FIRST Trademark.

4

20.     The use of Plaintiff's COVENTRY FIRST Trademark throughout the Site and in connection with numerous "tweets" about the life settlement industry is likely to cause confusion in the marketplace as to the source, sponsorship and/or affiliation of the Site and the comments posted therein.  Consumers are likely to believe that the Site is somehow related to Plaintiff, when it is not.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

21.     Coventry First repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

22.     This claim is against Defendants for trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23.     Coventry First has used and adopted the trademark COVENTRY FIRST in connection with its life settlement products and services and has used the COVENTRY FIRST Trademark continuously in commerce since at least as early as the date of its incorporation in the State of Delaware on March 24, 1999.

24.     Defendants have established and actively use the domain twitter.com/coventryfirst ("the Site").  The Site's domain name wholly incorporates Plaintiff's COVENTRY FIRST Trademark, and the Site itself includes multiple uses of Plaintiff's COVENTRY FIRST Trademark, including the confusing and misleading phrase "Follow Coventry First on Twitter…Don't miss any updates from Coventry First."  *See* Exhibit A.

25.     Defendants' use of Plaintiff's COVENTRY FIRST Trademark on the Site is unauthorized use of Plaintiff's COVENTRY FIRST Trademark.

26.     Defendants' use of Plaintiff's COVENTRY FIRST Trademark throughout the Site and in connection with numerous "tweets" about the life settlement industry is likely to cause confusion in the marketplace as to the source, sponsorship and/or affiliation of the Site and the comments posted therein in violation of 15 U.S.C. § 1125 et seq. Consumers are likely to believe that the Site is somehow related to Plaintiff, when it is not.

27.     Defendants' use of COVENTRY FIRST is identical in sound, meaning and appearance to Coventry First's pre-existing use of the COVENTRY FIRST Trademark. Defendants' multiple uses of the COVENTRY FIRST Trademark creates the same commercial impression and is confusingly similar.

28.     This unauthorized use by Defendants constitutes infringement of Coventry First's trademark, described above, in violation of 15 U.S.C. § 1125 et seq., to the substantial and irreparable injury of the public and of Coventry First's mark, business reputation, and goodwill.

29.     The activities of Defendants complained of herein constitute willful and intentional infringement of Coventry First's COVENTRY FIRST Trademark and Coventry First's rights. Acts of infringement commenced and have continued in spite of Defendants' knowledge that the use of Coventry First's COVENTRY FIRST Trademark was and is in contravention of Coventry First's rights.

30.     Coventry First has not given consent directly or indirectly to Defendants' to use the COVENTRY FIRST Trademark, or any mark similar thereto.

31.     Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Coventry First in its COVENTRY FIRST Trademark and in its business, reputation, and goodwill.

32.     Coventry First's damages from the aforesaid unlawful actions to the extent ascertainable, have not yet been determined.

33.     Coventry First seeks attorney's fees and costs given the willful conduct of Defendants.

34.     Coventry First seeks treble damages given the willful conduct of Defendants.

## COUNT II - FEDERAL UNFAIR COMPETITION

35.     Coventry First repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

36.     Coventry First has used and adopted the trademark COVENTRY FIRST in connection with its life settlement products and services and has used the COVENTRY FIRST Trademark continuously in commerce since at least as early as the date of its incorporation in the State of Delaware on March 24, 1999.

37.     Defendants have established and actively use the domain twitter.com/coventryfirst ("the Site"). The Site's domain name wholly incorporates Plaintiff's COVENTRY FIRST Trademark, and the Site itself includes multiple uses of Plaintiff's COVENTRY FIRST Trademark, including the confusing and misleading phrase "Follow Coventry First on Twitter...Don't miss any updates from Coventry First." *See* Exhibit A.

38.     Defendants' use of Plaintiff's COVENTRY FIRST Trademark on the Site is unauthorized use of Plaintiff's COVENTRY FIRST Trademark. Coventry First has not given consent directly or indirectly to Defendants' to use the COVENTRY FIRST Trademark, or any mark similar thereto.

39.    Defendants' are competitors of Plaintiff.

40.    The use of Plaintiff's COVENTRY FIRST Trademark throughout the Site and in connection with numerous "tweets" about the life settlement industry is likely to cause confusion in the marketplace as to the source, sponsorship and/or affiliation of the Site and the comments posted therein.  Consumers are likely to believe that the Site is somehow related to Plaintiff, when it is not.

41.    Coventry First's COVENTRY FIRST Trademark is distinctive and has acquired secondary meaning and significance in the minds of the relevant public.

42.    After Coventry First's adoption and use of its COVENTRY FIRST Trademark in connection with life settlement related products and services, and with actual and constructive notice thereof, Defendants adopted and used the designation COVENTRY FIRST in connection with the Site.

43.    Defendants' activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to Coventry First's reputation and goodwill.

44.    Defendants' have unfairly competed with Coventry First's COVENTRY FIRST Trademark in interstate commerce and in this district by various acts, including its multiple uses of the COVENTRY FIRST Trademark in connection with the Site.  This unauthorized use by Defendants constitutes unfair competition to the substantial and irreparable injury of the public and of Coventry First's COVENTRY FIRST Trademark, business reputation, and goodwill. 15 U.S.C. § 1125.

8

45.     The activities of Defendants complained of herein constitute a willful and intentional tort, in derogation of Coventry First's rights.  Acts of unfair competition commenced and have continued in spite of Coventry First's knowledge that the use of Coventry First's COVENTRY FIRST Trademark was and is in contravention of Coventry First's rights.

46.     Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Coventry First in its COVENTRY FIRST Trademark and in its business, reputation, and goodwill.

47.     Coventry First's damages from the aforesaid unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

48.     Coventry First seeks attorney's fees and costs given the willful conduct of Defendants.

49.     Coventry First seeks treble damages given the willful conduct of Defendants.

## COUNT III – FALSE DESIGNATION OF ORIGIN

50.     Coventry First repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

51.     This cause of action is for false designation of origin pursuant to 15 U.S.C. § 1125 *et seq.*

52.     Coventry First has used and adopted the trademark COVENTRY FIRST in connection with its life settlement products and services and has used the COVENTRY FIRST Trademark continuously in commerce since at least as early as the date of its incorporation in the State of Delaware on March 24, 1999.

53.     Defendants have established and actively use the domain

twitter.com/coventryfirst ("the Site"). The Site's domain name wholly incorporates Plaintiff's

COVENTRY FIRST Trademark, and the Site itself includes multiple uses of Plaintiff's

COVENTRY FIRST Trademark, including the confusing and misleading phrase "Follow

Coventry First on Twitter...Don't miss any updates from Coventry First." *See* Exhibit A.

54.     The use of Plaintiff's COVENTRY FIRST Trademark throughout the Site and in

connection with numerous "tweets" about the life settlement industry is likely to cause confusion

in the marketplace as to the source, sponsorship and/or affiliation of the Site and the comments

posted therein. Consumers are likely to believe that the Site is somehow related to Plaintiff,

when it is not.

55.     Defendants' use of Plaintiff's COVENTRY FIRST Trademark on the Site is

unauthorized use of Plaintiff's COVENTRY FIRST Trademark. Coventry First has not given

consent directly or indirectly to Defendants' to use the COVENTRY FIRST Trademark, or any

mark similar thereto.

56.     Coventry First's COVENTRY FIRST Trademark is distinctive.

57.     Through Coventry First's use of its COVENTRY FIRST Trademark prominently

displayed on its website, in its promotional literature and other advertising, the COVENTRY

FIRST Trademark has become associated in the minds of the public with Coventry First.

Accordingly, the COVENTRY FIRST Trademark has acquired secondary meaning with the

relevant consuming public as being affiliated, connected or associated with Coventry First.

58.     The Defendants' adoption and use of the COVENTRY FIRST Trademark is

likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or

association of the Defendants with Coventry First, and Coventry First is likely to be damaged by

such actions. Accordingly, such conduct constitutes false designation of origin under Section 43(a) of the Lanham Act.

59.    On information and belief, the Defendants' had knowledge of the falsity of the designation of origin in that they knew, among other things, of Coventry First's reputation and good will developed through Coventry First's use of its COVENTRY FIRST Trademark.

60.    These actions of the Defendants are likely to confuse, mislead, and deceive members of the public as to the origin or sponsorship of the Defendants in violation of 15 U.S.C. § 1125(a).

61.    The Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Coventry First, and its business, reputation and goodwill.

62.    Coventry First's damages from the aforesaid unlawful actions of the Defendants, to the extent ascertainable, have not yet been determined.

## COUNT IV – VIOLATIONS OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

63.    Coventry First repeats and re-allege, and incorporate by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

64.    This cause of action is violating the Anti-cybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1125(d).

65.    Coventry First has used and adopted the trademark COVENTRY FIRST in connection with its life settlement products and services and has used the COVENTRY FIRST

Trademark continuously in commerce since at least as early as the date of its incorporation in the State of Delaware on March 24, 1999.

66.     Upon information and belief, the Defendants own, register, operate, traffic in, and/or otherwise use the domain name twitter.com/coventryfirst, that incorporates all of Coventry First's COVENTRY FIRST Trademark.

67.     Defendants' use of Plaintiff's COVENTRY FIRST Trademark on the Site is unauthorized use of Plaintiff's COVENTRY FIRST Trademark.  Coventry First has not given consent directly or indirectly to Defendants' to use the COVENTRY FIRST Trademark, or any mark similar thereto.

68.     By the acts and activities of the Defendants complained of herein, the Defendants' have violated 15 U.S.C. § 1125(d) and in doing so violated the rights conferred to Coventry First through Coventry First's use of its COVENTRY FIRST Trademark.

## COUNT V - TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

69.     Coventry First repeats and re-allege, and incorporate by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

70.     Coventry First has used and adopted the trademark COVENTRY FIRST in connection with its life settlement products and services and has used the COVENTRY FIRST Trademark continuously in commerce since at least as early as the date of its incorporation in the State of Delaware on March 24, 1999.

71.     Defendants have established and actively use the domain twitter.com/coventryfirst ("the Site").  The Site's domain name wholly incorporates Plaintiff's

COVENTRY FIRST Trademark, and the Site itself includes multiple uses of Plaintiff's

COVENTRY FIRST Trademark, including the confusing and misleading phrase "Follow

Coventry First on Twitter…Don't miss any updates from Coventry First." *See* Exhibit A.

72.     Defendants' use of Plaintiff's COVENTRY FIRST Trademark on the Site is

unauthorized use of Plaintiff's COVENTRY FIRST Trademark.  Coventry First has not given

consent directly or indirectly to Defendants' to use the COVENTRY FIRST Trademark, or any

mark similar thereto.

73.     The use of  Plaintiff's COVENTRY FIRST Trademark throughout the Site and in

connection with numerous "tweets" about the life settlement industry is likely to cause confusion

in the marketplace as to the source, sponsorship and/or affiliation of the Site and the comments

posted therein.  Consumers are likely to believe that the Site is somehow related to Plaintiff,

when it is not.

74.     Coventry First's COVENTRY FIRST Trademark is a distinctive word mark

deserving of the strongest protection under the Lanham Act.

75.     Coventry First's COVENTRY FIRST Trademark is famous, and has been for

many years, widely recognized by the general consuming public as being associated with

Coventry First.

76.     By using Coventry First's COVENTRY FIRST Trademark in the domain name of

the Site and throughout the Site, Defendants are using Plaintiff's famous and distinctive

trademarks in interstate commerce for a commercial purpose.

77.     Defendants began using Coventry First's COVENTRY FIRST Trademark well after Coventry First's COVENTRY FIRST Trademark had become famous.

78.     Defendants are willfully using Coventry First's COVENTRY FIRST Trademark to profit from their reputation and are thereby causing Coventry First's COVENTRY FIRST Trademark to become less distinctive.

79.     Defendants' use of Coventry First's COVENTRY FIRST Trademark tarnishes the reputation of Coventry First's COVENTRY FIRST Trademark, as it uses the mark in connection with language that is derogatory to Plaintiff and to the life settlement industry generally, and is of a lesser quality than that which consumers expect from statements being made by Plaintiff and in connection with Plaintiffs' COVENTRY FIRST Trademark.

80.     Defendants' use of Coventry First's COVENTRY FIRST Trademark in the domain name of the Site and throughout the Site, lessens Plaintiff's capacity to indicate, uniquely, the products authorized by, sponsored by, or somehow affiliated with its COVENTRY FIRST Trademark.

## COUNT VI – UNJUST ENRICHMENT

81.     Coventry First repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

82.     This cause of action arises under the common law.

83.     Upon information and belief, by the acts and activities of Defendants complained of herein, Defendants have been unjustly enriched to Coventry First's detriment.

84.     Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Coventry First in its COVENTRY FIRST Trademark, business reputation and goodwill.

85.     On information and belief, Defendants will continue to infringe Coventry First's valuable rights in its COVENTRY FIRST Trademark to the detriment of Coventry First unless restrained by this court.

86.     Coventry First's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

87.     Coventry First seeks enhanced damages due to Defendants' willful conduct.

## PRAYERS FOR RELIEF

1.     That the Court preliminary and permanently enjoin and restrain Defendants, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

    (a)     infringing or contributing to the infringement;

    (b)     engaging in any acts or activities directly or indirectly calculated to infringe Coventry First's COVENTRY FIRST Trademark;

    (d)     using any configuration or design that is confusingly similar to Coventry First's COVENTRY FIRST Trademark; and

    (e)     otherwise competing unfairly with Coventry First in any manner whatsoever.

2.    That the Court find that Defendants is infringing Coventry First's COVENTRY FIRST Trademark and is competing unfairly with Coventry First, and otherwise has been unjustly enriched.

3.    That the Court Order Defendants to deliver up to Coventry First for destruction, at Defendants' expense, web site materials, literature, and other communications to the public in the possession or under the control of Defendants, and any other material or any representations that are or may contain designations similar to Coventry First's COVENTRY FIRST Trademark.

4.    That the Court Order Defendants to account for and pay to Coventry First the damages to which Coventry First is entitled as a consequence of the infringement of Coventry First's COVENTRY FIRST Trademark.

5.    That the Court Order Defendants to account for and to pay over to Coventry First all damages suffered by Coventry First as a result of Defendants' unfair competition.

6.    That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendants so as to prevent fraud on the Court and so as to ensure the capacity of Defendants to pay, and the prompt payment of, any judgment entered against Defendants in this action.

7.    That the Court award Coventry First its compensatory, incidental, and consequential damages.

8.    That the Court award Coventry First enhanced, treble, and/or punitive damages.

9.    That the Court award Coventry First its reasonable attorney's fees and the costs of this action.

10.     That the Court grant Coventry First such other relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Coventry First demands a trial by jury on all triable issues of fact.

Respectfully submitted,

Camille M. Miller
Melanie A. Miller
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
(215) 665-2273

Dated:  June 7, 2011

Attorneys for Plaintiff
Coventry First, LLC

# Exhibit A



Coventry First (coventryfr... ×

twitter.com/#!/coventryfirst

**twitter** | Search | | Have an account? **Sign in**

# Coventry First
**@coventryfirst** Above Ground!
*Just talking about the life settlement industry...*

⊕ Follow    📱 Text follow coventryfirst to **40404** in the United States.

**Tweets** | Favorites | Following ▾ | Followers | Lists ▾

**coventryfirst** Coventry First
2 increase shareholder value, would it b wrong to root for mass deaths in the world? preferably, 1st-world countries. LMK, kthxbai
18 hours ago

**coventryfirst** Coventry First
plane crashes r bad 4 the passengers and airline corp but those crashes also increase shareholder value in the death industry. coventryfirst
18 hours ago

**coventryfirst** Coventry First
@Stop_AIG_Bonus AIG is in the death business now...every1 will die and they only want you to die faster now they do business with coventry
18 hours ago

**coventryfirst** Coventry First
@Siriusjay sure, shuli is a comedic genius, but, uh, yea, maybe you, uh, uh should get the chair due to your experience as an entertainer!
18 hours ago

**coventryfirst** Coventry First
@HowardStern hot philly u got there
18 hours ago

**coventryfirst** Coventry First
sure, maybe health ins. comps. want u to die fast once you get sick but they want u healthy for a long time first. coventry wants u dead NOW!
18 hours ago

**Follow Coventry First on Twitter**
Don't miss any updates from Coventry First. Sign up today and follow your interests!

**Sign up & follow Coventry First »**

**Curious how Coventry First uses Twitter?**

Discover who @coventryfirst follows

About @coventryfirst

| 14 | 3 | 5 | 0 |
|---|---|---|---|
| Tweets | Following | Followers | Listed |

About  Help  Blog  Mobile  Status  Jobs  Terms  Privacy
Advertisers  Businesses  Media  Developers  Resources
© 2011 Twitter



twitter.com/#!/coventryfirst

twitter    Search                    Have an account? Sign in

**coventryfirst** Coventry First
the faster people die the more coventry first profits! not even cig
companies want their customers to die as fast.
18 hours ago

**coventryfirst** Coventry First
gotta try to get by on the ho-hum deaths that liquidate the life
insurance policies.
18 hours ago

**coventryfirst** Coventry First
horrible weekend...no plane crashes (they make a lot of money), no
earthquakes :-(
31 May

**coventryfirst** Coventry First
Celebrating the unofficial start to summer...remind you of
anyone?!?! http://tinyurl.com/3on9a6b
27 May

**coventryfirst** Coventry First
tsunami in Japan was a godsend for those in the life insurance
settlement industry...especially for the industry leader. CHA-CHING!
27 May

**coventryfirst** Coventry First
@michaelianblack Not everyone is hurting...natural disasters are
good for business!
27 May

**coventryfirst** Coventry First
Tip:If State AG ever alleges u are involved in bid-rigging & falsifying
documents pay them $10mil. they go away & u can still keep ur
profit
27 May

**coventryfirst** Coventry First
Praying to Jesus for an earthquake in the North Eastern US!! Our
death bonds could use a bump in revenue :-(
26 May

2